*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3619-GHK (GJSx) | Date | June 30, 2016 |
|---|---|---|---|
| Title | *Joseph W. Houpt, et al. v. AK Steel Corporation, et al.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, CHIEF U.S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order re:** (1) Defendant Crown Central LLC's Motion to Dismiss [Dkt. 49]; (2) Plaintiffs' Motion to Remand [Dkt. 56]

    This matter is before us on the above-captioned Motions. We have considered the papers filed in support of these Motions and deem these matters appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows:

## I. Background

    Plaintiffs filed this action in state court on April 22, 2016, setting forth state law claims against various defendants to recover damages allegedly incurred due to asbestos exposure. [*See* Dkt. 1, Ex. A.] On May 24, 2016, Defendant Crane Co. ("Crane") removed the action pursuant to 28 U.S.C. § 1442(a)(1)—the federal officer removal statute. [Dkt. 1.] On June 1, 2016, we dismissed Crane without prejudice pursuant to a stipulation between Crane and Plaintiffs. [Dkts. 12, 22.] Plaintiffs filed a Motion to Remand on June 3, 2016. [Dkt. 56.]

    Also on June 3, 2016, Defendant Crown Central LLC ("Crown") filed a Motion to Dismiss. [Dkt. 49.] Pursuant to a stipulation between Crown and Plaintiffs, we dismissed Crown with prejudice on June 29, 2016. [Dkt. 82.]

## II. Motion to Dismiss

    As Crown has been dismissed from this action, [*Id.*], we **DENY as moot** Crown's Motion to Dismiss, [Dkt. 49]. The hearing on the Motion to Dismiss currently scheduled for Monday, July 11, 2016 at 9:30 a.m., is hereby **TAKEN OFF CALENDAR**.

## III. Motion to Remand

    The deadline to file a timely opposition to the Motion to Remand has passed, and no Defendant has opposed the Motion. *See* L.R. 7-9. Local Rule 7-12 provides:

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3619-GHK (GJSx) | Date | June 30, 2016 |
|---|---|---|---|
| Title | *Joseph W. Houpt, et al. v. AK Steel Corporation, et al.* | | |

**Failure to File Required Documents**. The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion[.]

Defendants' failure to file an opposition is deemed Defendants' non-opposition to the Motion and Defendants' consent to the granting of the relief sought. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995).

Additionally, as we have dismissed Crane from this action, there is no independent basis for jurisdiction. "Once the basis for removal jurisdiction is dropped from the proceedings, a federal court, although possessing the power to hear the remaining state claims, is not obliged to exercise that power." *Price v. PSA, Inc.*, 829 F.2d 871, 876 (9th Cir. 1987) ("[T]he rule in this circuit is that the district court has discretion to remand the rest of the action to the state court from which it is removed."). In the usual case, there is a preference for "declining to exercise jurisdiction over the remaining state-law claims." *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Mellis Asbestos Corp. Ltd.*, 2013 WL 4805746, at *1-2 (N.D. Cal. Sept. 9, 2013) ("The action was removed to this Court by Defendant pursuant to the federal officer removal statute. Thus, because Plaintiff has voluntarily dismissed Defendant, it is within the Court's discretion to retain or remand this action. Given the early stage of this litigation, the Court exercises its discretion and declines to retain jurisdiction over this action."). We accordingly decline to retain jurisdiction over this action.

In light of the foregoing, Plaintiffs' Motion to Remand is **GRANTED** and this action is hereby **REMANDED** to the court from which it was removed. The clerk shall effectuate such remand forthwith. The hearing on the Motion for Remand currently scheduled for Monday, July 11, 2016 at 9:30 a.m., is hereby **TAKEN OFF CALENDAR**.

**IT IS SO ORDERED.**

:

Initials of Deputy Clerk   AB for Bea